SCHULER v. WOODWARD et al.

(Circuit Court, S. D. New York. February 24, 1909.)

CORPORATIONS (§ 312*)—REORGANIZATION OF BANKRUPT CORPORATION—RIGHTS OF STOCKHOLDERS.

A minority stockholder of a bankrupt corporation is not entitled to an injunction to restrain the carrying out of a plan of reorganization by the majority, which contemplates the acquisition of the company's property only through purchase when sold at public sale under order of the court of bankruptcy.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1384; Dec. Dig. § 312.*]

In Equity. On motion for preliminary injunction.

Kellogg & Rose, for complainant.
Hornblower, Miller & Potter, for defendants.

NOYES, Circuit Judge. It is not clear, from the plan of reorganization as stated in the papers, in what manner it is proposed that the new company shall "take over" the properties of the bankrupt corporation, the Southern Steel Company. Counsel for the reorganization committee, however, has explicitly stated, and the secretary of the committee has sworn, that it is the intention of the committee only to acquire the properties by purchase at a public sale from the trustees in bankruptcy. I think it is my duty, upon this application, to accept these statements as true. In case of such a trustees' sale, therefore, it must be presumed that the bankruptcy court will take the proper steps to secure a fair price for the properties to be sold, and to distribute the proceeds of the sale among creditors and stockholders of the bankrupt corporation in accordance with their respective interests; and, if the reorganization is only to take place after a judicial sale, it follows that the complainant has not presented a case calling for the issuance of a preliminary injunction. It is admitted that the complainant and all other stockholders have had the privilege of participating in the reorganization upon the same basis. The fact that those who advance new funds will receive far more in new securities than those who advance nothing is only the ordinary incident of a reorganization after a judicial sale. It does not indicate fraud, nor that the majority stockholders joining in the reorganization have failed in any duty owed by them to the minority.

But these conclusions only follow in the case of a reorganization after a judicial sale. If the plan were, with the consent of creditors, to take the properties of the corporation out of the bankruptcy court and transfer them to the new company in exchange for its stock by voting the majority shares, the case presented would be essentially different. In case of the sale by the action of the majority of the entire assets of a corporation, a minority stockholder has generally the right to insist that only a monetary consideration shall be received. He cannot be put off with "chips and whetstones," instead of cash. The complainant should have the right to renew this application in case the

committee should not carry out their present intention, and should take any steps to consummate a reorganization except as following the purchase of the property of the corporation at public sale in bankruptcy.

The application for a preliminary injunction is denied, without costs, and without prejudice to the right of the complainant to institute such proceedings in the District Court for the Northern District of Alabama as he may deem expedient, and also without prejudice to his right to renew this application, should the situation be changed as above indicated.